# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SUSAN SHEFFIELD )<br>      **Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>THE CITY OF FAIRVIEW, TENNESSEE, )<br>and )<br>OFFICER TAYLOR HEATH )<br>      **Defendants.** ) | DOCKET NO. _____<br>JURY DEMAND |

## COMPLAINT

Comes now the Plaintiff Susan Sheffield, by and through undersigned counsel, and files this Complaint and for causes of action against the Defendants, both jointly and severally, would respectfully state to the Court as follows:

### I. INTRODUCTION

1. This action is brought against the Defendants pursuant to 42 U.S.C. § 1983 for deprivation of civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

### II. JURISDICTION AND VENUE

2. This is an action for redress of violations of the civil rights laws of the United States and jurisdiction of this Court is therefore invoked pursuant to 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983.

3. The acts and omissions and the resulting claims asserted in this Complaint occurred in the City of Fairview in Williamson County in the State of Tennessee and in this District. Venue is thus properly in this Court pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Susan Sheffield is a citizen and resident of Williamson County, Tennessee, residing at 7580 Cherokee Hills Road, Fairview, Tennessee 37062.

5. Defendant THE CITY OF FAIRVIEW, TENNESSEE (hereinafter "FAIRVIEW") is a political subdivision of the State of Tennessee. Defendant is and was at all times relevant hereto responsible for the training and supervision of the named Defendant Taylor Heath. FAIRVIEW at all times relevant had and has the responsibility, and/ or delegated to the FAIRVIEW Chief of Police, the responsibility to establish and implement policies, practices, procedures and customs, used by law enforcement officers employed by FAIRVIEW regarding the use of force concerning pre-trial detainees. THE CITY OF FAIRVIEW, TN can be served upon Patrick Carter, Esq., City Attorney for Fairview, 809 S Main Street, Columbia, TN 38401.

6. Defendant Taylor Heath was, at all times relevant hereto, an employee of the CITY OF FAIRVIEW Police Department. At all times relevant hereto, he was acting in the course and scope of his employment as a law enforcement officer and under color of state law with FAIRVIEW. He is sued in his individual capacity for the federal civil rights claims alleged herein.

### IV. STATEMENT OF FACTS

7. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

8. On or about February 25, 2024, Plaintiff Susan Sheffield was at her home. Around 5:30 p.m., Ms. Sheffield heard a loud banging at her front door. When she went to her door, she encountered two City of Fairview police officers, one being Defendant Heath.

9. Upon arriving, one of the officers attempted to open her front door and in the process of doing so broke the lock so that it would not open.

10. The events described herein were all recorded on Ms. Sheffield's home security cameras. Plaintiff is filing a motion to file a copy of the videos as an exhibit to this Complaint. The videos are incorporated by reference into this Complaint to substantiate Plaintiff's allegations.

11. After breaking her door, the other officer told her to "unlock the door or you're not going to like the outcome."

12. Ms. Sheffield, who was standing behind a clear class door, was using both hands to hold and operate a cellphone, so both of her hands were visible and plainly not holding a firearm, knife, or other weapon.

13. Ms. Sheffield is a physically small and frail woman who was sixty years of age at the time of incident. Further, Ms. Sheffield was disabled due to mental illness from her vocation as a registered nurse. This was a fact that was known or should have been known by Defendant Heath.

14. The officers did not have a search warrant or arrest warrant at the time. Indeed, the other officer told her "we're getting a warrant on you regardless and we'll come back here and knock this door down."

15. Ms. Sheffield asked what the warrant would be for and was told "assault."

16. Without a warrant, the officers had no lawful basis to arrest her because she was being accused of a misdemeanor simple assault which did not occur in their presence. Tenn. Code Ann. § 40-7-103.

17. Defendant Heath told the other officer "I think you have enough to do what you got to do."

18. Ms. Sheffield continued to attempt to open the door but was unable to do so because the officer had broken it. She offered to "take a picture and show you" since she was inside and could see the status of the lock from there. She then did so, at which time Defendant Heath stated "I'm about to bust the door."

19. As the officers attempted to force their way in, she told them as loudly as possible that she was unable to unlock. She did this in hopes of dissuading them from breaking the door down as they had threatened.

20. She told them to come to the back and said she would open that door.

21. Despite her attempt to comply with the officers' requests by inviting them to come to the back door which (which had *not* been broken by the officers), the other officer told her "you're gonna ride this Taser in a second." She told them that she had a Taser as well. They asked her if that was a "threat," and responded by asking if his statement was a threat to her. The officer said "no," it was not a threat.

22. No reasonable person would have construed her statement as a warning to do anything besides exercise her lawful right to defend herself from excessive force. Tenn. Code Ann. § 39-11-611(e)(3). There was no indication that any Taser Ms. Sheffield may have had was immediately accessible to her or that she could use any such Taser through the closed glass door.

23. The other officer continued asking her to open the door despite her repeated statements that she was unable to do so. She asked him if he had visual problems which prevented him from seeing her repeated attempts to comply. He continued arguing with her in an aggressive manner. Throughout the encounter, her hands remained visible, and no weapon was in sight.

24. Ms. Sheffield closed the storm door behind the glass door and went to the back to speak with Defendant Heath, who went to the back door pursuant to her earlier statement.

25. Defendant Heath arrived at the back door, knocked on it, and told Ms. Sheffield to "come outside."

26. Ms. Sheffield opened the door but remained inside and verbally declined to exit, as was her legal right. She made this clear by stating: "you can come in here [but] I'm not going out there." She remained standing inside the doorway.

27. Defendant Heath stepped through the doorway, grabbed Ms. Sheffield, and threw her to the ground on the back porch.

28. At no time prior to this use of force did Ms. Sheffield physically resist or do anything to place either officer in reasonable fear that she would harm them, herself, or others. There were no other circumstances which required Defendant Heath to use any force against Ms. Sheffield whatsoever.

29. To whatever extent Ms. Sheffield may have pulled away from Defendant Heath after he grabbed her, she was legally entitled to do so, and this did not justify the use of any additional force being applied.

30. Defendant Heath engaged in an act of force disproportionate to that called for by the circumstances, which quite frankly was none. He did so despite the fact that Ms. Sheffield was non-violent and only passively resisting at most if resisting at all.

31. Ms. Sheffield was not advised she was under arrest because she was in fact not. Indeed, the officers admitted earlier in the encounter that they would obtain an arrest warrant if she did not voluntarily submit to detention.

32. Nothing prevented the officers from attempting to seek an arrest warrant and then arresting her under that authority.

33. Ms. Sheffield did not take any action to obstruct any lawful law enforcement activity.

34. The above notwithstanding, Defendant Heath charged Ms. Sheffield with "Resisting S&F" (presumably "stop and frisk") pursuant to T.C.A. § 39-16-602. This is despite the fact that the video of the incident reveals in no way did Ms. Sheffield resist any lawful police action.

35. Ms. Sheffield had a right to be free from Defendant Heath's use of force, a well-established fact that was either known by Heath or should have been known had proper training been provided and policy enacted by Fairview.

36. At the time of the assault, no legitimate law enforcement purpose could be served by acting in such a fashion.

37. As a result of Heath's actions, Ms. Shefield suffered permanent and severe personal injury including but not limited to her head, neck, back and left upper extremity.

38. After being thrown to the ground, Ms. Sheffield was arrested and taken to jail despite the fact that she was in severe emotional pain and emotionally distraught.

39. After bailing out, she went to the TriStar Natchez emergency room where she was treated and released. Since then, Ms. Sheffield has undergone a course of care for her physical and emotional injuries. The direct and proximate cause of these injuries and concomitant medical care was the actions of Heath and the failure of Fairview to enact and enforce proper policy.

40. All aforementioned events are stated upon information and belief as well as based on video footage from the incident.

41. Ultimately, the charge of resisting arrest was dismissed, thus further supporting the fact that any use of force in this instance was unjustified and in violation of Ms. Sheffield's clearly established constitutional rights.

42. The foregoing actions of the Defendants were the proximate cause of and resulted in Ms. Sheffield incurring medical bills both past and future, incurring great physical and emotional pain both in the past and future and resulted in permanent physical and emotional injury.

### V. EXCESSIVE FORCE AGAINST OFFICER HEATH IN HIS INDIVIDUAL CAPACITY

43. The Plaintiff re-alleges all allegations previously set forth as if fully set forth herein.

44. The actions and inactions of Defendant HEATH which resulted in Plaintiff Susan Sheffield's injuries were done under color of state law and in a manner which caused her to suffer constitutional violations. Specifically, Defendant operated to violate the right of Plaintiff not to be subjected to excessive force and unlawful seizure under the Fourth and Fourteenth Amendments, which protects an arrestee from the use of excessive force that amounts to gratuitous violence or punishment and does not serve a legitimate governmental purpose, particularly as here when the person is compliant, and in the absence of a clear and audible order to surrender or warning of the impending use of force.

45. Ms. Sheffield did not pose a safety risk requiring application of the force used either immediately prior to the moment force was used or under the totality of the circumstances from throughout the encounter.

46. Even if Ms. Sheffield exhibited some indication of dangerousness requiring the use of force – which she denies – any such actions were caused by and in response to the unlawful acts of law enforcement in attempting to unlawfully enter her residence and detain her.

47. Ms. Sheffield was legally justified in refusing to exit her house and in resisting Defendant HEATH'S attempts to physically restrain her.

48. Despite her lawfully exercising these rights, Ms. Sheffield was cooperative in attempting to open the front door, actually opening the back door, answering the officers' questions, and inviting Defendant HEATH inside to continue talking.

49. A reasonable law enforcement officer knew or should have known that use of force in this instance violated Plaintiff's clearly established constitutional right to be free from excessive force and unlawful seizure.

50. Plaintiff's constitutional right to be free from excessive force and unlawful seizure was clearly established at the time the alleged wrongful conduct occurred, and Defendant's conduct violated that right.

51. Defendant operated to violate Plaintiff's civil rights as protected by the Civil Rights Act of 1871, 42 U.S.C. § 1983.

52. The conduct of Defendant in this matter was intentional, reckless, deliberate, unjustified, excessive, gratuitous and was indicative of his disregard of and indifference to Plaintiff's well-being which led to the unnecessary infliction of pain and suffering, and the deprivation of her constitutional rights to be free from excessive force that amounts to punishment.

53. The amount of force used in this case constituted gratuitous violence and was objectively unreasonable and grossly disproportionate to the need to apply force or maintain

discipline, particularly in light of the fact that Plaintiff received no verbal warnings, was not attempting to flee or resist arrest, and did not pose an immediate threat.

54. The force used was not in a good faith effort to maintain or restore discipline in circumstances under haste, under pressure, and without the luxury of a second chance. Rather, Defendant acted excessively, intentionally, and without a legitimate law enforcement purpose.

55. As a direct and proximate result of the unlawful conduct of Defendant, Plaintiff suffered injury from the deprivation of her civil rights as protected by the Fourteenth Amendment and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

## VI. UNCONSTITUTIONAL POLICIES, PRACTICES, AND TRAINING BY CITY OF FAIRVIEW

56. The Plaintiff re-alleges all allegations previously set forth as if fully set forth herein.

57. DEFENDANT FAIRVIEW by and through its authorized agents, servants, and employees, permitted, encouraged, and tolerated an official pattern, practice, or custom of its law enforcement officers in interacting with citizens and/ or detaining citizens, particularly in the case of those with mental illness when encountering a situation such as the one described herein. This violated the federal constitutional rights of citizens, including, specifically, the Plaintiff.

58. FAIRVIEW, by and through its authorized agents, permitted, encouraged and tolerated the above patterns and policies as to the use of excessive force when encountering a situation such as the one described herein. In doing so, the end result was the violation of the federal constitutional rights of citizens, including, specifically the Plaintiff.

59. FAIRVIEW, by and through their authorized agents, servants, and employees had in place at the time of the incident rules, regulation, practices, or customs for situations such as the

one at issue herein. The failure to properly train and implement proper policies and procedures in the proper handling of such an encounter, particularly with a mentally disabled individual, such as the one described herein was a proximate cause of the constitutional deprivations, injuries to Plaintiff.

60. FAIRVIEW failed to adequately train and educate its officers in the proper handling of a situation such as the one described herein.

61. FAIRVIEW implicitly or explicitly failed to train and supervise its officers such as Defendant HEATH in the proper handling of a situation such as the one described herein. Said failure amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States.

62. It was reasonably foreseeable that the failure of FAIRVIEW to train and supervise its officers to properly handle encounters with citizens such as Plaintiff in the situation described would result in the use of excessive force and injury to citizens.

63. The foregoing actions of Defendant HEATH were directly and proximately caused by the policies, practices, and customs of FAIRVIEW, which all were conducted under color of state law to deprive Plaintiff of constitutionally protected rights including but not limited to the right to be free from excessive use of force by persons acting under color of state law resulting in the injuries described herein.

64. The actions of FAIRVIEW amounts to deliberate indifference to the right of the Plaintiff to be free of excessive force under the Fourth and Fourteenth Amendments to the Constitution of the United States.

65. The actions and inactions of FAIRVIEW failed to protect Plaintiff from the use of excessive, deadly force by Defendant HEATH. The reckless actions of all Defendants made it reasonably foreseeable that the harm perpetrated on Plaintiff would occur.

66. As a result of the deliberate indifference to Plaintiff's rights by FAIRVIEW, Plaintiff is entitled to relief under 42 U.S.C. § 1983.

## VII. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. That process issue to the Defendants and that they be required to answer in the time required by law.

2. That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

3. That Plaintiff be awarded those damages to which it may appear that she is entitled including, but not limited to, the following:

   a. Past and future physical pain and suffering;

   b. Past and future emotional suffering and distress;

   c. Past and future loss of enjoyment of life;

   d. Permanent injury and impairment;

   e. Past and future health care expenses and medical bills;

   f. Loss of earnings and earning capacity;

   g. All other damages allowed under federal and Tennessee law to which he may be entitled.

4. That as to all Defendants the Plaintiff be awarded reasonable expenses including reasonable attorneys fees and expert fees and discretionary costs pursuant to 42 U.S.C. § 1988 (b) and (c).

5. Damages for the violation of her rights guaranteed to him by the Fourth and Fourteenth Amendment to the Constitution of the United States.

6. That the Plaintiff receive any other further and general relief to which it may appear that she is entitled

7. That a jury is demanded.

Respectfully submitted,

**RAYBIN & WEISSMAN, P.C.**

/s/ David J. Weissman
David J. Weissman (#25188)
Benjamin Raybin (#29350)
424 Church Street, Suite 2120
Nashville, Tennessee 37219
(615) 256-6666
(615) 254-4254 (fax)
dweissman@nashvilletnlaw.com
braybin@nashvilletnlaw.com
*Attorneys for Plaintiff*

**STRANCH, JENNINGS, & GARVEY, PLLC**

/s/ Isaac U. Kimes
Isaac U. Kimes, Esq. (#031191)
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
615.254.8801 - Phone
615.255.5419 - Fax
ikimes@stranchlaw.com
*Attorney for Plaintiff*